# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### ***

ROSHANDA JOHNSON,

      Plaintiff,

vs.

MARVIN KING, *et.al.*,

      Defendants.

Case No. 2:16–cv–24–APG–VCF

**ORDER & REPORT AND RECOMMENDATION**

APPLICATION TO PROCEED IN FORMA PAUPERIS (DOC. #1) AND COMPLAINT (DOC. #1-1).

    Before the court are Plaintiff Roshanda Johnson's application to proceed in forma pauperis (Doc. #1) and complaint (Doc. #1-1).   For the reasons stated below, Johnson's in form pauperis is granted and he may proceed with this action.

### I. Discussion

    Johnson's filings present two questions: (1) whether Johnson may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether Johnson's complaint states a plausible claim for relief.  Each is discussed below.

1. <u>Johnson May Proceed in Forma Pauperis</u>

    Johnson's application to proceed in forma pauperis is granted.  28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Pursuant to section 1915(a)(1), Johnson submitted a financial affidavit.  (Doc. #1).  According to the affidavit, Johnson is incarcerated, has no income, and no savings.  Johnson's application to proceed in forma pauperis is, therefore, granted.

*/// /// ///*

2. <u>Johnson's Complaint Fails to State a Claim for Which Relief May be Granted</u>

Because the court grants Johnson's application to proceed in forma pauperis, it must review Johnson's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). The court's review of Johnson's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. 89 (2007).

Federal Rule of Civil Procedure 8(a) also provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009). The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id*. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id*. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted). If the factual allegation, which are accepted as true, "do

2

not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (citing FED. R. CIV. P. 8(a)(2)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

The instant dispute arises out of a series of probate proceedings in Texas state court. (Doc. #1-1 at 6-14). Johnson alleges that the Defendants "placed a mental incapacitation order on [Johnson's portion of an estate] so only other people can touch the funds and not [Johnson]." *Id.* at 2. Johnson requests "5,000,000,000 [dollars] and I would like my full trust account returned." *Id.* at 1.

Federal courts "have jurisdictions to entertain suit 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate to "establish their claims' so long as the federal court does not interfere with probate proceedings." *Markham v. Allen*, 326 U.S. 490, 494 (1946). Based on the allegations in Johnson's complaint, in order to grant Johnson the relief she seeks, the court would need to revoke a Texas state court guardianship appointment. A federal court order that revokes a state court guardianship appointment is an impermissible interference with probate proceedings. Johnson's recourse lies with the state probate court that appointed her a guardian. Johnson's complaint should therefore be dismissed for failure to state a claim.

/// /// ///

/// /// ///

3

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff Roshanda Johnson's application to proceed in forma pauperis (Doc. #1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court file the complaint.  (Doc. #1-1).

IT IS FURTHER ORDERED that the Plaintiff Roshanda Johnson is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security.  This order granting in forma pauperis status does not extend to the issuance of subpoenas at government expense.

IT IS RECOMMENDED that Johnson's complaint (Doc. #1-1) be DISMISSED with leave to amend for failure to state a claim.

IT IS FURTHER RECOMMENED that if the court adopts this Report & Recommendation, a DATE be set for the filing of the Amended Complaint to avoid dismissal with prejudice.

/// /// ///

/// /// ///

/// /// ///

/// /// ///

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  Thomas v. Arn, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from

the order of the District Court.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

      IT IS SO ORDERED AND RECOMMENDED.

      DATED this 11th day of January, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

5